UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                                                    )
BONNEY FORGE CORPORATION, and          )
UNITED STEEL, PAPER AND FORESTRY,      )
RUBBER, MANUFACTURING, ENERGY,         )
ALLIED INDUSTRIAL AND SERVICE          )
WORKERS INTERNATIONAL UNION,           )
                                                                    )
               Plaintiffs,                        )
                                                                    )
               v.                                     )     Court No.: 20-03837
UNITED STATES,                                         )     Before: Hon. Stephen A. Vaden
                                                                    )
               Defendant,                         )
and                                                                )
                                                                    )
SHAKTI FORGE INDUSTRIES PVT. LTD.,     )
                                                                    )
             Defendant-Intervenor.          )
_____)


**DEFENDANT-INTERVENOR'S RESPONSE
TO PLAINTIFFS' COMMENTS ON REMAND RESULTS**

               **Robert G. Gosselink**
               **Aqmar Rahman**

               T<small>RADE</small> P<small>ACIFIC</small> PLLC
               **700 Pennsylvania Avenue, SE**
               **Suite 500**
               **Washington, D.C.  20003**
               **Tel.:  (202) 223-3760**

               *Counsel to Defendant-Intervenor*

**Dated:  September 6, 2022**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

I.      INTRODUCTION ............................................................................................................. 1

II.     ARGUMENT ..................................................................................................................... 2

        A.      Commerce's Redetermination Is in Accordance With Law and Supported by
                Substantial Evidence . ............................................................................................ 3

        B.      The Court Should Take Only Limited Judicial Notice of Commerce Actions in
                Other Proceedings ................................................................................................. 9

III.    CONCLUSION ................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*Consolo v. Federal Maritime Commission*, 383 U.S. 607, 86 S. Ct. 1018,
16 L.Ed.2d 131 (1966) ............................................................................................... 6

*Trent Tube Div. v. United States*, 14 C.I.T. 780, 752 F. Supp. 468 (Ct. Int'l Trade 1990) ......... 5-6

*Bomont Industries v. United States*, 14 C.I.T. 208, 733 F. Supp. 1507 (Ct. Int'l Trade 1990) ... 6-7

*Bonney Forge Corp. v. United States*, 560 F. Supp. 3d 1303 (Ct. Int'l Trade 2022) ............ *passim*

*Hercules, Inc. v. United States*, 673 F. Supp. 454 (Ct. Int'l Trade 1987) ........................................ 6

*Timken Co. v. United States*, 699 F. Supp. 300 (Ct. Int'l Trade 1988) .......................................... 10

**Statutes**

19 U.S.C. § 1677m(i) ................................................................................................ 2, 4

**DEFENDANT-INTERVENOR'S RESPONSE
TO PLAINTIFFS' COMMENTS ON REMAND RESULTS**

**I.     INTRODUCTION**

On behalf of Defendant-Intervenor, Shakti Forge Industries Pvt. Ltd. ("Shakti"), we respectfully submit this response to the comments on the U.S. Department of Commerce's ("Commerce's") final results of redetermination filed by Plaintiffs Bonney Forge Corporation and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union.  *See* Plaintiffs Bonney Forge Corporation and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union Brief on Remaining Issues (August 5, 2022), ECF No. 68 ("Plaintiffs' Cmts."); *see also Final Results of Redetermination Pursuant to Court Remand, Bonney Forge Corporation and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union v. United States*, Court No. 20-03837, Slip Op. 22-8 (CIT Feb. 2, 2022), ECF No. 61-1 ("*Remand Results*").  The *Remand Results* cover an appeal of Commerce's determination in *Forged Steel Fittings from India*, 85 Fed. Reg. 66,306 (Dep't Commerce Oct. 19, 2020) (final aff. Deter. LTFV sales) ("*Final Determination*") (APPX14186-14189), and accompanying Issues and Decision Memorandum (Dep't Commerce Oct. 13, 2020) ("*Final IDM*") (APPX14126-14148).

On February 2, 2022, the Court remanded Commerce's *Final Determination* because the government had not responded to "all arguments made in good faith by the contending parties before it and place{d} those responses in the record to allow for meaningful judicial review." *Bonney Forge Corp. v. United States*, 560 F. Supp. 3d 1303, 1305 (Ct. Int'l Trade 2022), ECF 57.  Specifically, the Court found that Commerce had not responded to Plaintiffs' request for

1

Commerce to conduct a virtual verification of the information submitted by foreign respondent and Defendant-Intervenor Shakti. *Id.* The Court therefore remanded for Commerce either to offer a fuller explanation of its reasoning for not conducting a virtual verification or to take new agency action." *See id.* at 1313. On remand, Commerce acknowledged that it did not respond directly to Plaintiffs' suggestion of a virtual verification, explained that it nonetheless had addressed Plaintiffs' material concerns with the accuracy and completeness of Shakti's cost information, and took new action by determining that Commerce's corroboration of Shakti's sales and cost reporting via certain post-preliminary determination questionnaires ("Post-Preliminary Questionnaires") and Shakti's extensive responses to those questionnaires constituted a verification pursuant to section 782(i) of the Act.

Plaintiffs object to Commerce's explanation why a verification conducted in real time was not plausible during the investigation. Plaintiffs also object to Commerce reconsidering its original approach and making a new agency determination that the Post-Preliminary Questionnaires issued by Commerce and the responses received satisfied Commerce's verification requirements under section 782(i) of the Act. For the reasons discussed below, the *Remand Results* comply with the Court's instructions, are not an abuse of discretion, and are supported by substantial evidence.

## II.    ARGUMENT

Defendant-Intervenor responds here to the objections of Plaintiffs to the *Remand Results* with regard to the verification of Shakti's submitted information. For the reasons discussed below, Defendant-Intervenor supports Commerce's new determination in the *Remand Results* that its use of Post-Preliminary Questionnaires in lieu of an in-person, on-site verification, and its subsequent analysis of the information collected in response to those questionnaires, reasonably

2

constituted verification of the factual information relied on by Commerce in making its final determination. As such, Commerce's new agency action on remand fully complies with the Court's remand order and is supported by substantial evidence.

> A. **Commerce's Redetermination Is in Accordance With Law and Supported by Substantial Evidence**

In its slip opinion, the Court stated that Commerce had two options on remand. Commerce could (1) offer a fuller explanation of its reasoning at the time of the action it defends or (2) could take new agency action. *Bonney Forge Corp*, 560 Supp. 3d at 1313. Importantly, the Court reiterated that "the decision on how to proceed, consistent with this and the Supreme Court's opinion in *Regents*, remains with Commerce." *Bonney Forge Corp*, 560 Supp. 3d at 1313. In its *Remand Results*, in response to the Court's directive, Commerce permissibly and satisfactorily pursued both approaches. That is, Commerce provided an explanation of its decision not to conduct a real-time virtual verification and Commerce also took new action. The *Remand Results* provide a thorough description of the factual situation underlying Commerce's determination not to conduct a real-time virtual verification at the time of the original investigation and why Commerce believed it nonetheless had addressed Plaintiffs' request to ensure the reliability of Shakti's information. *See Remand Results*, at 13-15. More important, the *Remand Results* provide a comprehensive examination of the new action taken by Commerce by which Commerce undertook a comprehensive reexamination of the administrative record and corroborated the information that Shakti had submitted earlier in the proceeding. By doing so, Commerce was able to establish that such information was accurate and reliable for purposes of making its final determination. This extensive examination shows that Commerce did, in fact, verify Shakti's reported information. *See Remand Results*, at 16-20.

In particular, Commerce reexamined the steps Commerce took in the investigation and

found **in this case** that a combination of (1) Commerce's use and reliance on the post-preliminary determination questionnaire responses submitted by Shakti in lieu of an in-person, on-site verification, and (2) Commerce's subsequent analysis of the voluminous information collected via the questionnaires sufficiently and reasonably satisfied the verification requirement of Section 782(i) of the Act. *Remand Results*, at 11. Specifically, Commerce reassessed what it had achieved in issuing its Post-Preliminary Questionnaires to Shakti and what it gained in receiving Shakti's responses. For example, Commerce reconsidered that it had requested complete responses from Shakti addressing each of the issues raised by petitioners in their comments on Shakti's reporting "to test Shakti's books and records and confirm that its reported information was reliable," and that Commerce in fact was "able to verify the reliability of Shakti's reporting via the Post-Preliminary Questionnaires." *See Remand Results*, at 16. Commerce also made a fresh examination of its request to Shakti to "provide the parameters {Shakti} used to derive the theoretical weight for *each* product sold in the home and U.S. markets," and Commerce reviewed anew Shakti's explanation that a response to this question required a demonstration of the weight calculation of "more than 1,000 products which itself is a voluminous task." *See Remand Results*, at 16-17 (emphasis in original). Commerce also reconsidered its request to Shakti to "provide complete information to corroborate the information you reported for the following sales in the home and U.S. markets," a question that required Shakti to provide source documentation to support its reported information for ten individual invoices, representing over ten home market sales and hundreds of export sales to the United States. *See Remand Results*, at 17. Commerce also reassessed its request to Shakti to respond to each of the petitioners' allegations of misreporting concerning its sales and cost databases and to provide documentation to support its answers. *See Remand Results*, at 17.

Additionally, Commerce considered again its request that Shakti provide certain audited financial statements and its conclusions based on the fact that those financial statements were not yet available at that time because of the COVID-19 lockdown.  *See Remand Results*, at 17.  Regarding the direct materials inventory, Commerce reevaluated its request to Shakti to explain how the company calculated its material consumption quantities and to provide sample invoices on certain months to support its previously reported purchases.  *See Remand Results*, at 17.  Commerce also considered anew its request for additional information from Shakti concerning the costs of the affiliated and unaffiliated tollers, which was another concern raised by the petitioners.  Specifically, Commerce requested that Shakti explain and demonstrate how the company calculated its costs and to provide sample jobwork invoices.  *See Remand Results*, at 17.  In summary, Commerce concluded that the particular requests that it made *in this case* were the same types of requests that it makes during a traditional verification.  Commerce also considered it critical that in answering its questions and requests, Shakti provided nearly two-thousand pages of source documentation and explanation, which exceeded the volume of documentation typically provided and examined during a traditional verification.

      Plaintiffs claim that Commerce's determination that the Post-Preliminary Questionnaires satisfied Commerce's verification requirements was "a complete reversal of its original determination that it had not verified the information," and that "on the same record, Commerce has come to two completely opposite conclusions."  Plaintiffs' Cmts., at 7, 8.  But "{t}he purpose of a remand generally is to require the agency to explain its determination or where appropriate, correct its determination."  *Trent Tube Div. v. United States*, 14 C.I.T. 780, 781 n.1, 752 F. Supp. 468, 470 n.1 (1990), *aff'd* 975 F.2d 807 (Fed. Cir. 1992).  And that is exactly what Commerce did in this case.  Based on the Court's remand order, Commerce had discretion to

reconsider the merits of its verification determination. Commerce therefore addressed and adequately explained the record evidence supporting the corroboration of Shakti's submitted information and reconsidered its previous decision that it had not verified the information. Upon a reexamination of the record information, Commerce found that it had adequately verified the information that it relied on in the *Final Determination*. *See Remand Results*, at 2. In any event, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L.Ed.2d 131 (1966). Therefore, in line with Commerce's recent practice, it was legally permissible for Commerce to reexamine the steps it took in the investigation and consider the information it collected to be verified, thus reaching an opposite position on remand. *See Remand Results*, at 11.

Plaintiffs further claim that the information in the Post-Preliminary Questionnaires reexamined by Commerce was not the same as that contained in verification questionnaires and that the Post-Preliminary Questionnaires omitted many of the test that Commerce "normally performs as part of verification." Plaintiffs' Cmts., at 10. But Plaintiffs' complaint is both factual and legally incorrect. First, Plaintiffs admit that the Post-Preliminary Questionnaires requested "further explanation of the information that {Shakti} *had already provided*" and for Shakti "to provide specific information *to corroborate the information {Shakti} reported* for ten different invoices. Plaintiffs' Cmts., at 9. But as Commerce explained, such information is not new information and is exactly the type of verification information that Commerce typically requests "to test information provided by a party for accuracy and completeness." *See Bomont Industries v. United States*, 14 C.I.T. 208, 209, 733 F. Supp. 1507, 1508 (1990); *see also Remand Results*, at 17. Second, as again reiterated by Commerce, the agency has broad discretion in

6

determining what constitutes verification, and Commerce is not required to adopt the same verification questions or methodologies in every case. *See Hercules, Inc. v. United States*, 673 F. Supp. 454, 469 (Ct. Int'l Trade 1987) ("The decision to select a particular {verification} methodology rests solely within commerce's sound discretion"); *see also Remand Results*, at 9.

      Finally, Plaintiffs claim that if the Court "accepts Commerce's new-found verification as meeting its statutory requirement to conduct a verification," it will establish a precedent that Commerce will have verified information as long as it sends out a series of questionnaires … states without elaboration that it has analyzed the data received in the questionnaires, and concludes that it is complete and accurate." Plaintiffs' Cmts., at 11.  But Commerce did not adopt such a simplistic approach on remand.  Instead, "in line with {Commerce's} recent practice," Commerce carefully reviewed the specific corroborating information it had solicited and received, and found that Shakti's submitted information was "verified via the Post-Preliminary Questionnaires issued in lieu of on-site verification." *Remand Results*, at 11. Contrary to Plaintiffs' allegation, Commerce did not simply collect unknown information or perform an undescribed analysis.  Plaintiffs' Cmts., at 11.  Rather, as described above, in adopting a new approach, Commerce carefully reexamined its questions and methods in the original investigation and concluded that the questions it asked following the original preliminary determination of sales at less than fair value and the answers, the documents, and the data that it received from Shakti in response to the Post-Preliminary Questionnaires sufficiently constituted verification based on the particular facts *of this case*.  Importantly, as a result of the agency's new action, Commerce concluded that it no longer is basing its *Final Determination* on the factual information submitted on the record as facts available, and instead is basing its Final Determination on the verified factual information submitted by Shakti.  *See Remand Results*, at

2, 11.  Sustaining Commerce's *Remand Results* therefore will not tacitly give Commerce the "unlimited ability to assert that it has verified any information it receives that it decides to rely upon."  *See* Plaintiffs' Cmts., at 11.

In its slip opinion, the Court recognized that circumstances regarding international travel restrictions and country-specific limitations on entry for noncitizens are continuously changing; and also found that such changes do not change the Government's obligation to answer on the record Plaintiffs' request for a virtual verification.  *Bonney Forge Corp*, 560 Supp. 3d at 1314-15.  By reexamining the steps that Commerce originally took in the investigation and by concluding that its use and reliance on Shakti's substantial post-preliminary determination questionnaire responses satisfied the statutory verification requirements in this case, Commerce now has complied with the Court's instructions and has met its obligation of responding on the record to Plaintiff's request for a virtual verification.

Specifically, the *Remand Results* explain (1) that Commerce "issued Post-Preliminary Questionnaires *in lieu of on-site verification* to corroborate the information reported by Shakti in advance of the final determination," *Remand Results*, at 14 (emphasis added); (2) that Commerce permitted Shakti to include in its Post-Preliminary Questionnaire responses the correction of certain inadvertent errors "as part of 'minor corrections,' *an important element of traditional on-site verifications* that provides respondents a final opportunity to correct any minor errors before the information is verified," *Remand Results*, at 7 (emphasis added); and that Commerce had accepted – and that Plaintiff did not rebut – Shakti's claim in the public hearing conducted prior to the final determination that "by responding fully and accurately to each of Commerce's questionnaires, Commerce 'has already conducted a virtual verification.'" *Remand Results*, at 9-10 (emphasis added).

8

### B. The Court Should Take Only Limited Judicial Notice of Commerce Actions in Other Proceedings

Plaintiffs request that the Court take judicial notice that Commerce scheduled on-site verifications in other cases at the same time that Commerce prepared and filed the *Remand Results*. *See* Plaintiffs' Cmts., at 5, 16, Attachment 1. Plaintiffs' stated purpose for requesting judicial notice is that "Commerce refused to undertake any similar efforts to determine whether on-site verification was possible under current conditions on remand in this case." *Id.* at 5. To the degree the Court notices Commerce's actions in other proceedings, it should do so only to the degree that such actions are relevant to the current proceeding. In this case, Commerce now has found that Shakti's extensive responses to the Post-Preliminary Questionnaires and Commerce's analysis of the responses reasonably satisfy the verification requirement and the underlying goal of corroborating the accuracy and completeness of the existing record. *See Remand Results*, at 28. As such, Commerce has determined that it now has verified Shakti's responses, and there thus was no need for Commerce to consider on remand whether an on-site verification was possible under current conditions. Furthermore, as this Court has acknowledged, "verification procedures are fact-specific inquiries" that require fact-specific review by the Court, *Bonney Forge Corp*, 560 Supp. 3d at 1314-15, and the approaches that Commerce adopts in certain investigations do not dictate Commerce's methodologies in others. As explained by the Court in *Timken*, Congress "contemplated giving Commerce wide latitude in applying the verification provision to allow it to adapt rapidly to the myriad of circumstances that it faces in the daily administration of the antidumping law." *Remand Results*, at 25, *quoting Timken Co. v. United States*, 699 F. Supp. 300, 305 (Ct. Int'l Trade 1988). The facts underlying Commerce's recent scheduling of a verification in Seoul, Korea in an antidumping duty investigation involving *Certain Superabsorbent Polymers from the Republic of Korea* and a verification in Zug,

9

Switzerland in an antidumping duty investigation involving *Emulsion Styrene-Butadiene Rubber from the Russian Federation*, *see* Plaintiffs' Cmts., at 5, 16, Attachment 1, are not on the record, and Commerce's approaches in those cases therefore have no bearing on Commerce's reconsideration on remand of the extensive responses of Shakti on the administrative record and conclusion *in this case* that its verification of Shakti via Post-Preliminary Questionnaires reasonably satisfied the verification requirements of the Act.

### III.    CONCLUSION

For the reasons described above, Defendant-Intervenor respectfully submits that the Court should sustain Commerce's final results of redetermination.  Commerce now has answered on the record Plaintiffs' request for a virtual verification, and has done so in a manner that allows for meaningful judicial review.  Because Commerce provided a reasoned explanation supported by a stated connection between the facts found and the new action taken, the Court should find that Commerce's corroboration of Shakti's sales and cost reporting via the Post-Preliminary Questionnaires and Shakti's extensive responses to those questionnaires constituted a verification pursuant to section 782(i) of the Act, and that Commerce *Remand Results* thus are supported by substantial evidence on the record.

                                                                                    Respectfully submitted,

                                                                                   /s/ Robert G. Gosselink
                                                                                   Robert G. Gosselink
                                                                                   Aqmar Rahman

                                                                                   TRADE PACIFIC PLLC
                                                                                   700 Pennsylvania Avenue, SE, Suite 500
                                                                                  Washington, D.C.  20003
                                                                                   Tel.:  (202) 223-3760

                                                                                  *Counsel to Defendant-Intervenor*

Dated:  September 6, 2022

UNITED STATES COURT OF INTERNATIONAL TRADE

```
_____
                                    )
BONNEY FORGE CORPORATION, and       )
UNITED STEEL, PAPER AND FORESTRY,   )
RUBBER, MANUFACTURING, ENERGY,      )
ALLIED INDUSTRIAL AND SERVICE       )
WORKERS INTERNATIONAL UNION,        )
                                    )
              Plaintiffs,           )
                                    )
       v.                           )   Court No.: 20-03837
UNITED STATES,                      )   Before: Hon. Stephen A. Vaden
                                    )
              Defendant,            )
and                                 )
                                    )
SHAKTI FORGE INDUSTRIES PVT. LTD.,  )
                                    )
              Defendant-Intervenor. )
_____)
```

**CERTIFICATE OF COMPLIANCE WITH CHAMBERS PROCEDURE 2(B)(1)**

The undersigned counsel at Trade Pacific PLLC hereby certifies that the accompanying response to comments on remand results of Plaintiffs Bonney Forge Corporation and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, dated September 6, 2022, complies with the maximum 7,000 word-count limitation described in part 2(B)(1) of the Court's Chambers Procedures. The reply brief contains 2,875 words according to the word-count function of the word-processing software used to prepare the brief, excluding the table of contents, table of authorities, and counsel's signature block.

Respectfully submitted,

/s/ Robert G. Gosselink
Robert G. Gosselink
Aqmar Rahman
TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE, Suite 500
Washington, D.C. 20003
Tel.: (202) 223-3760

Dated: September 6, 2022                *Counsel to Defendant-Intervenor*